Model Plan                                                                 Trustee: ☐ Marshall     ☐ Meyer  
11/22/2013                                                            ☐ Stearns     ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **In re:** | ) | Case No. |
| | ) | |
| **Bianca Jakarra McNutt** | ) | |
| | ) | |
| Debtors. | ) | Original Chapter 13 Plan, dated **May 11**, **2017** |

■     A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **1**; (b) their ages are ___; (c) total household monthly income is $ **3,538.89** ; and (d) total monthly household expenses are $ **2,808.00** , leaving $ **730.89** available monthly for plan payments.

2. The debtor's Schedule J includes $ **100.00** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for ___ months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected.  Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

■ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __-NONE-_____ , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ __730.00__ monthly for __60__ months [and $ ____ monthly for an additional ____ months], for total payments, during the initial plan term, of $ __43,800.00__. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at __5.00__% of plan payments; and during the initial plan term, totaling $ __2,190.00__. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor): **(Except as stated in Section G. below.)**

(a) Creditor: **Bmo Harris Bank Na**     Collateral: **2015 Chevy Impala LT 50,000 miles NADA Value**

Amount of secured claim: $ **17,275.00** APR **6.25** %     Fixed monthly payment: $ **362.03** ;
Total estimated payments, including interest, on the claim: $**19,911.65**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **19,911.65** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **3,500.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim: **-NONE-** shall be paid at **N/A** % of the allowed amount. The total of all payments to this special class is estimated to be $ **N/A** . [Enter this amount on Line 2g of Section H.]

Reason for the special class: **N/A** .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than **10** % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                                                            Best Case Bankruptcy

9. *Interest*. ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___% [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) .................................................. $ 43,800.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
   (a) Trustee's fees $ 2,190.00
   (b) Current mortgage payments $ 0.00
   (c) Payments of other allowed secured claims $ 19,911.65
   (d) Priority payments to debtor's attorney $ 3,500.00
   (e) Payments of mortgage arrears $ 0.00
   (f) Payments of non-attorney priority claims $ 0.00
   (g) Payments of specially classified unsecured claims $ 0.00
   (h) Total [add Lines 2a through 2g] $ 25,601.65

(3) Estimated payments available for GUCs and interest during initial plan term [subtract Line 2h from Line 1] $ 18,198.35

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) $ 183,297.91
   (b) Minimum GUC payment percentage 10 %
   (c) Estimated minimum GUC payment [multiply line 4a by line 4b] $ 18,329.79
   (d) Estimated interest payments on unsecured claims $ 0.00
   (e) Total of GUC and interest payments [add Lines 4c and 4d] $ 18,329.79
   (f) Payments available during initial term [enter Line 3] $ 18,198.35
   (g) Additional payments required [subtract Line 4f from Line 4e] $ 131.44

(5) Additional payments available:
   (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee $ 693.50
   (b) Months in maximum plan term after initial term 0
   (c) Payments available [multiply line 5a by line 5b] $ 0.00

4

| | |
|---|---|
| **Section I.**<br>*Payroll*<br>*Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. |

**Signatures**  Debtor(s) [Sign only if not represented by an attorney]

_____    _____    Date _____

**Debtor's Attorney**    /s/ Julie Gleason    Date  May 11, 2017

*Attorney Information (name, address, telephone, etc.)*

> Julie Gleason 6273536
> Gleason & Gleason
> 77 W Washington, Ste 1218
> Chicago, IL 60602
> (312) 578-9530
> Fax: (312) 578-9524

**Special Terms** *[as provided in Paragraph G]*

> Special Intentions:
> Hyundai Capital Americ: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.
> Acceptance Now: Debtor rejects this unexpired lease or executory contract.
> McCarthy Burgess & Wolff: Debtor rejects this unexpired lease or executory contract.
> Progressive Leasing: Debtor rejects this unexpired lease or executory contract.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

```
                        United States Bankruptcy Court
                         Northern District of Illinois
In re:                                                     Case No. 17-14843-DRC
Bianca Jakarra McNutt                                      Chapter 13
        Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0752-1          User: nmolina             Page 1 of 2              Date Rcvd: May 12, 2017
                              Form ID: pdf001           Total Noticed: 37


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 14, 2017.
db            +Bianca Jakarra McNutt,    1700 N Lockwood,    Chicago, IL 60639-4319
25647666      +1st Loans Financial,    1916 E 95th,    Chicago, IL 60617-4787
25647670      +Arnold Scott Harris,    111 W. Jackson Ste 400,    Chicago, IL 60604-4135
25647671      +Bmo Harris Bank Na,    111 W Monroe St,    Chicago, IL 60603-4095
25647672      +Capital One,   PO Box 30281,    Salt Lake City, UT 84130-0281
25647675      +City of Chicago,    Attn: Mayor Rahm Emanuel,    121 N LaSalle, #507,    Chicago, IL 60602-1208
25647676      +City of Chicago - Dept of Finance,    Administrative Hearings,    121 N LaSalle St 107A,
                Chicago, IL 60602-1232
25647677      +City of Chicago Corporation Counsel,    Attn: Stephen Patton,    30 N LaSalle St, Room 700,
                Chicago, IL 60602-2503
25647678      +City of Chicago Dept of Law,    Attn: Charles King,    121 North LaSalle Street, Suite 600,
                Chicago, IL 60602-1244
25647680      +ComEd Attn: Bkcy Group,    1919 Swift Dr,    Oak Brook Terrace, IL 60523-1502
25647679      +Comcast,   Corporate Office Headquarters,    1701 John F Kennedy Boulevard,
                Philadelphia, PA 19103-2838
25647695      +Enterprise Rent A Car,    PO Box 405738,    Atlanta, GA 30384-5700
25647696      +Felasfaw Gebriel,    6950 N Oakley,    Chicago, IL 60645-4775
25647697      +Hyundai Capital Americ,    4000 Macarthur Blvd Ste,    Newport Beach, CA 92660-2558
25647699      +Illinois Towing,    2055 Johns Drive,    Glenview, IL 60025-1654
25647703      +Medical Business Bureau,    PO Box 1219,    Park Ridge, IL 60068-7219
25647705      +Money Tree,    6452 S Lee St, Ste 4,    Morrow, GA 30260-1776
25647707      +PLS,   Bankruptcy Department,    One South Wacker 36th Floor,    Chicago, IL 60606-4603
25647706      +Peoples Energy,    Attn: Bankruptcy Dept,    200 E Randolph St,    Chicago, IL 60601-6302
25647710      +Secretary of State,    Attn: Safety & Financial Resp,    2701 S Dirksen Pkwy,
                Springfield, IL 62723-0002
25647711      +Semrad Law Firm,    20 S. Clark, 28th Flr,    Chicago, IL 60603-1811
25647713      +Social Security Amin,    General Counsel,    6401 Security Blv Room 611,
                Baltimore, MD 21235-0001
25647714      +Swedish Covenant Hospital,    5145 North California Avenue,    Chicago, IL 60625-3687
25647715      +TCF National Bank,    Attn: Bankruptcy,    800 Burr Ridge,    Willowbrook, IL 60527-0865
25647716     ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
              (address filed with court: US Bank,    Bankruptcy/Recovery,    PO Box 5229,
                Cincinnati, OH 45201)
25647717      +Wells Fargo Attn: Bankruptcy Dept,    3476 Stateview Blvd,    Fort Mill, SC 29715-7203

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
25647667      +E-mail/Text: bankruptcy@rentacenter.com May 13 2017 00:11:35      Acceptance Now,
                5501 Headquarters Dr,    Plano, TX 75024-5837
25647669      +E-mail/Text: RBALTAZAR@ARMORSYS.COM May 13 2017 00:11:30      Armor Systems Co,
                1700 Kiefer Dr Ste 1,    Zion, IL 60099-5105
25647673      +E-mail/Text: bankruptcynotices@cbecompanies.com May 13 2017 00:10:54      Cbe Group,
                1309 Technology Pkwy,    Cedar Falls, IA 50613-6976
25647674      +Fax: 602-659-2196 May 13 2017 00:23:17      ChexSystems,    7805 Hudson Rd, Ste 100,
                Saint Paul, MN 55125-1703
25647681      +E-mail/PDF: pa_dc_ed@navient.com May 13 2017 00:07:22      Dept Of Ed/navient,    Po Box 9635,
                Wilkes Barre, PA 18773-9635
25647698      +E-mail/Text: des.claimantbankruptcy@illinois.gov May 13 2017 00:11:20
                Illinois Dept of Employment Securit,    Bankruptcy Unit Collection Subdivis,
                33 S State St 10th Floor,    Chicago, IL 60603-2804
25647700      +E-mail/Text: bk.notifications@jpmchase.com May 13 2017 00:10:15      JP Morgan Chase,
                National Bankruptcy Dept,    PO Box 29505 AZ1-1191,    Phoenix, AZ 85038-9505
25647701      +E-mail/Text: bknotices@mbandw.com May 13 2017 00:10:55      McCarthy Burgess & Wolff,
                26000 Cannon Road,    Bedford, OH 44146-1807
25647704      +E-mail/Text: mmrgbk@miramedrg.com May 13 2017 00:10:38      Miramedrg,    991 Oak Creek Dr,
                Lombard, IL 60148-6408
25647708       E-mail/Text: bankruptcy@progfinance.com May 13 2017 00:10:40      Progressive Leasing,
                10619 South Jordan Gateway,    Suite 100,    South Jordan, UT 84095
25647712      +E-mail/Text: chicago.bnc@ssa.gov May 13 2017 00:11:01      Social Security Admin,
                Attn Bankruptcy Dept,    77 W Jackson Ste 300,    Chicago, IL 60604-3600
                                                                                              TOTAL: 11

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
25647668*     +Acceptance Now,    5501 Headquarters Dr,    Plano, TX 75024-5837
25647682*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647683*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647684*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647685*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647686*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647687*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647688*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647689*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647690*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647691*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647692*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
```

```
District/off: 0752-1          User: nmolina              Page 2 of 2              Date Rcvd: May 12, 2017
                              Form ID: pdf001            Total Noticed: 37


           ***** BYPASSED RECIPIENTS (continued) *****
25647693*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647694*     +Dept Of Ed/navient,    Po Box 9635,    Wilkes Barre, PA 18773-9635
25647702*     +McCarthy Burgess & Wolff,    26000 Cannon Road,    Bedford, OH 44146-1807
25647709*    ++PROG LEASING LLC,    256 WEST DATA DRIVE,    DRAPER UT 84020-2315
              (address filed with court:  Progressive Leasing,    10619 South Jordan Gateway,    Suite 100,
                South Jordan, UT 84095)
                                                                                   TOTALS: 0, * 16, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 14, 2017                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 11, 2017 at the address(es) listed below:
              Julie M Gleason    on behalf of Debtor 1 Bianca Jakarra McNutt juliegleasonlaw@gmail.com,
               gleasongleason@iamthewolf.com;gleasonbk@gmail.com;gleasonign@gmail.com;troy@gbankruptcy.com;meg@g
               bankruptcy.com;r43048@notify.bestcase.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                             TOTAL: 2